IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLE D. BERRY** | : | CIVIL ACTION |
| v. | : | |
| **ARS NATIONAL SERVICES, INC.** | : | NO. 15-1529 |

| | | |
|---|---|---|
| **JENILEE HUNT BOGGESS** | : | CIVIL ACTION |
| v. | : | |
| **ARS NATIONAL SERVICES, INC.** | : | NO. 15-2611 |

| | | |
|---|---|---|
| **ROSELLA ALFIERI** | : | CIVIL ACTION |
| v. | : | |
| **ARS NATIONAL SERVICES, INC.** | : | NO. 15-2883 |

MEMORANDUM

**RESTREPO, J.**                                                                                              **DECEMBER 22, 2015**

Plaintiffs, Nicole D. Berry, Jenilee Hunt Boggess,[1] and Rosella Alfieri, allege that defendant, ARS National Services, Inc. ("ARS"), violated the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692 *et seq.*, by the use of language or a symbol on an envelope when communicating with plaintiffs by mail, in violation of 15 U.S.C. § 1692f(8). *See* Pls.' Compls. (respectively) ¶ 20. Specifically, plaintiffs allege that defendant, a debt collector for purposes of the FDCPA, *see id.* ¶ 9 (citing 15 U.S.C. § 1692a(6)), mailed collection notices in window envelopes to plaintiffs in an attempt to collect old consumer debts and that visible

---

[1]Although Civil Action No. 15-2611 was originally assigned to the calendar of the Hon. C. Darnell Jones, II, it was subsequently reassigned to me as a related case.

through the glassine windows of the envelopes were barcodes which when read or scanned, reveal the consumers' respective account numbers constituting personal identifying information, *see id.* ¶¶ 10-13.  The Complaints further allege that the barcodes "visible through the window[s] could be easily scanned by anyone with a smartphone, as scanning applications (or 'apps') are readily available to the public for free."  *Id.*  ¶ 14.

Before the Court are defendant's motions for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), and plaintiffs' respective responses thereto.[2]  For the reasons which follow, defendant's motions are denied.

## LEGAL STANDARD

Pursuant to Rule 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and [s]he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).  The Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

As the parties acknowledge, *see* Def.'s Bfs. 3-4; Pls.' Bfs. 5, where, as here, a motion for judgment on the pleadings asserts that plaintiff fails to state a claim on which relief can be granted, the court considers the motion under the same standard as a Rule 12(b)(6) motion.  *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Doe v. McVey*, 381 F.

---

[2]At the request of the parties, the above-captioned civil actions are consolidated only for the purpose of disposition of defendant's motions for judgment on the pleadings.

Supp.2d 443, 448 (E.D. Pa. 2005) (Pollak, J.); *Katzenmoyer v. City of Reading*, 158 F. Supp.2d 491, 496 (E.D. pa. 2001) (Padova, J.).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Complaint must contain sufficient facts which, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While detailed factual allegations are not required, a Complaint must contain more than just an allegation that the plaintiff was harmed by the defendant. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007).  A claim has facial plausibility when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable based on the allegations in the Complaint.  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 300 (3d Cir. 2014) (citing 15 U.S.C. § 1692e).  These abusive debt collection practices, Congress found, lead to, among other things, "invasions of individual privacy." *Id.* (citing § 1692(a)).  As the Third Circuit has pointed out, "[a]s remedial legislation, the FDCPA must be **broadly construed** in order to give full effect to these purposes." *Id.* (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d cir. 2013)) (emph. added).

Section 1692f(8) of the FDCPA limits the language and symbols that a debt collector may place on envelopes it sends to consumers. *Douglass*, 765 F.3d at 300. In particular, Subparagraph 8 **prohibits** the following:

> [u]sing *any* **language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8) (emph. added). Here, plaintiffs allege that defendant violated the FDCPA in mailing collection notices with glassine windows on the envelopes revealing barcodes which when read or scanned revealed the consumers' respective account numbers constituting personal identifying information, *see* Pls.' Compls. ¶¶ 10-13.

Initially, it is noted that in *Douglass*, the Third Circuit held that "§ 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope," *see Douglas*, 765 F.3d at 302, and further, that disclosure of a consumer's account number violates the FDCPA, *id.* at 302-03. In particular, the Third Circuit found that the defendant's disclosure of the plaintiff's account number implicated "a core concern animating the FDCPA - the invasion of privacy." *Id.* at 303.

To prevail on an FDCPA claim, a plaintiff must prove that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* at 303; *see, e.g., Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 232 (3d Cir. 2005). In this case, defendant argues that plaintiffs are unable to satisfy the fourth element because the respective barcodes that appear on the envelopes were, defendant

asserts, benign symbols and that the FDCPA was not intended to prohibit benign symbols. *See* Def.'s Bfs. 5-10.  In addition, defendant contends that reading the barcodes require an affirmative and likely illegal act by a third party and that imposition of liability due to illegal action by a third party is inappropriate. *Id.* at 10-13.

Plaintiffs respond that "[t]he only difference between this case and the controlling *Douglass* decision is that [defendant] chose to display the account number[s] in the symbol of a barcode.  But the Act's broad ban prohibits display of both the barcode symbol and the private data conveyed when it is scanned." *See* Pls.' Bfs. 2-3.  Moreover, plaintiffs argue that "[e]ven if, *arguendo*, there were some 'benign language' exception in the statute, a collector's disclosure of the consumer's account number via an easily scannable bar code is not 'benign' or harmless." *Id.* at 3 (citing Pls.' Compls. ¶¶ 14-15 (alleging the barcodes were easily able to be scanned)).

To the extent that defendant argues that including plaintiffs' account numbers on the envelopes was benign because they did not reveal that the contents pertained to debt collection, that argument is without merit based on *Douglass*, which explicitly held that disclosure of an "account number is not benign."[3] *Douglass*, 765 F.3d at 303.  The *Douglass* Court explained that "[t]he account number is a core piece of information pertaining to [the plaintiff's] status as a debtor and [the defendant's] debt collection effort," and "disclosure implicates core privacy concerns." *Id.*  The Third Circuit found that an account number is not benign because "it is a piece of information capable of identifying [the plaintiff] as a debtor" and "its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id.* at 306.

---

[3]Therefore, our Court of Appeals pointed out that "[w]e need not decide whether § 1692f(8) contains a benign language exception because even if such an exception existed, [the plaintiff's] account number is not benign." *Douglass*, 765 F.3d at 303.

Significantly, our Court of Appeals found the relevant statute "not only proscribes potentially harassing and embarrassing language, but also protects consumers' identifying information." *Id.*

To the extent that defendant argues that a barcode in particular is a benign symbol, that argument is also without merit. In *Styer v. Professional Medical Management, Inc.*, 2015 WL 4394032 (M.D. Pa. July 15, 2015), and *Kostik v. ARS National Services, Inc.*, 2015 WL 4478765 (M.D. Pa. July 22, 2015), the defendants made the identical arguments raised here - that the barcodes, which when electronically scanned revealed the plaintiffs' respective account numbers, were benign symbols and therefore their presence on an envelope was not prohibited by the FDCPA, and also that imposing liability due to possible illegal action by a third party was "inappropriate."[4] *Id.* at *3; *Styer*, 2015 WL 4394032, at *3-4. The Court in both cases held that even "[a]ssuming, without deciding, that a benign symbol exception was adopted and applied to [these] circumstances, the [barcode] would still be a violation of the FDCPA because it is not a benign symbol." *Id.* at *8; *see Kostik*, 2015 WL 4478765, at *7 (citing *Styer*).

As the Court in *Styer* stated, "Like the account number at issue in *Douglass*, the disclosure of a [barcode], which contains Plaintiff's account number, implicates a core concern animating [] the FDCPA, specifically the invasion of privacy." *See Styer*, 2015 WL 4394032, at *7 (citing § 1692(a)). Thus, as the account number in *Douglass*, the barcode here "is not a meaningless symbol because it is a piece of information *capable* of identifying Plaintiff as debtor." *Id.* at *8 (emph. added); *see Douglass*, 765 F.3d at 303. "Defendant's disclosure of the

---

[4]Indeed, defendant's counsel here was also defendants' counsel in each of the 3 cases *Douglass*, *Kostik* and *Styer*. *See Douglass*, 765 F.3d at 300; *Kostik*, 2015 WL 4478765, at *1; *Styer*, 2015 WL 4394032, at *1. Moreover, all three cases support the denial of defendant's motion in this case.

[barcode] exposes plaintiff to the potential harm that the FDCPA was enacted to eliminate." *See Styer*, 2015 WL 4394032, at *8 (citing § 1692(a)). Accordingly, even assuming, without deciding, that a benign symbol exception was adopted and applied to these circumstances, the barcode would still be a violation of the FDCPA because it is not a benign symbol. *See id.* at *8; *see also Link v. ARS Nat'l Servs.*, 2015 WL 8271651 (W.D. Pa. Dec. 8, 2015); *Pirrone v. NCO Fin. Systs., Inc.*, 2015 WL 7766393, *1 (E.D. Pa. Nov. 30, 2015); *Park v. ARS Nat'l Servs., Inc.*, 2015 WL 6579686, *4 (D. N.J. Oct. 30, 2015); *Kostik*, 2015 WL 4478765, at *7.

Finally, to the extent that defendant argues that imposing liability due to possible illegal action by a third party is inappropriate, that argument is without merit. As the Court in *Park* pointed out, "Neither the text nor the underlying purposes of the FDCPA provide any basis for such an exception." *See Park*, 2015 WL 6579686, at *5 (citing § 1692f). The FDCPA's broad language focuses on debt collectors' actions that could harm consumers and on protecting consumers' personal information. *Id.; see, e.g.,* § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *Douglass*, 765 F.3d at 303 ("Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection." (citations omitted)). Indeed, § 1692(b) shows Congress' intent to broadly regulate debt collector behavior through the FDCPA despite the existence of related laws: "Existing laws and procedures for redressing [injuries to consumers from abusive debt collection practices] are inadequate to protect consumers" *See also Park*, 2105 WL 6579686, at *5 (quoting § 1692(b)).

"Thus, the remedial purposes and broad language of the FDCPA do not provide for exceptions to its prohibitions based on legislation that may forbid related behavior by third

parties." *Id.* at *5; *see also Pirrone*, 2015 WL 7766393, at *1; *Styer*, 2015 WL 4394032, at *8. Moreover, the Third Circuit's focus "on the 'potential' harm that a disclosure 'could' have on a consumer in reaching its decision," *see id.* at *9 (citing *Douglass*, 765 F.3d at 303, 306), when read in "context of the *Douglass* decision, weighs in favor of a determination that the relevant inquiry is not whether a third party could lawfully access the disclosed information, but whether the identifying information prohibited by the FDCPA was disclosed to the public and thus, there for the taking," *id.* Put simply, section 1692f's clear prohibition against "**any** language **or symbol**" on an envelope, *see* 15 U.S.C. § 1692f(8) (emph. added), includes barcodes which can "be easily scanned by anyone with a smartphone," *see* Pls.' Compls. ¶ 14. This determination is consistent with our Court of Appeals' reminder that the FDCPA is remedial legislation which is to be broadly construed in order to give full effect to the purpose of preventing abusive debt collection practices which lead to "invasions of individual privacy." *See Douglass*, 765 F.3d at 301-02 (citing § 1692(a) and (e)). Since disclosure of a barcode under the circumstances alleged in plaintiffs' Complaints states a violation of the FDCPA, defendant's motions for judgment on the pleadings are denied.

      An appropriate Order follows.